IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| THE BANK OF NOVA SCOTIA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>VINOD K. GUPTA AND CHANRESH )<br>GUPTA, Individually and as TRUSTEES )<br>OF THE VINOD AND CHANRESH )<br>GUPTA TRUST 2007, )<br>)<br>Defendants. )<br>_____ ) | Civil No. 2012-61 |

## **ORDER**

Before the Court is plaintiff's Motion to Amend Complaint [DE 19] and Renewed Motion to Amend Complaint [DE 23] pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure of the District Court of the Virgin Islands. Plaintiff seeks leave to include an additional mortgage account in this debt and foreclosure action. Defendants do not oppose the motion. [DE 21].

Federal Rule of Civil Procedure 15(a) provides "a party may amend its pleading only with the opposing party's written consent or the court's leave," FED. R. CIV. P. 15(a)(2), where, as here, a responsive pleading has been served and the amendment is requested over 21 days after said service. Rule 15(a) provides further that "[t]he court should freely give leave when justice so requires." *Id.*; *see Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) ("Leave to amend must generally be granted unless equitable considerations render it otherwise unjust"). Nonetheless, the policy favoring liberal amendments is not "unbounded." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). A court may deny a motion for leave to amend when

*The Bank of Nova Scotia v. Gupta*
Civil No. 2012-61
Page 2

certain factors are present, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] the futility of the amendment." *Id.*, 921 F.2d at 487 (alteration added) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, the record bears no indication of undue delay and the Court cannot discern any prejudice to defendants. Moreover, there is no indication that amendment is sought in bad faith or is futile. Finally, it is in the interest of judicial economy that plaintiff pursues its foreclosure claims against defendants in the same action. Accordingly, the liberal amendment policy of Rule 15(a) mandates leave to amend. *See Adams*, 739 F.2d at 867.

The premises considered, it is hereby ORDERED that

(1) Plaintiff's Motion to Amend Complaint [DE 19] and Renewed Motion to Amend Complaint [DE 23] are GRANTED;

(2) The amended complaint shall be designated the "First Amended Complaint" and deemed filed as of the date of this Order;

(3) Defendants shall respond to the First Amended Complaint on or before 14 days from the date of this Order.

**Dated:** May 9, 2013            S\_____
                                     **RUTH MILLER**
                                     United States Magistrate Judge