```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. THOMAS AND ST. JOHN
```

BANK OF NOVA SCOTIA,                  )
                                      )
            Plaintiff,                )
                                      )
       v.                             )    Civil No. 2012-61
                                      )
VINOD K. GUPTA, CHANRESH GUPTA,       )
Individually and as TRUSTEES OF       )
THE VINOD AND CHANRESH GUPTA          )
TRUST 2007,                           )
                                      )
            Defendants.               )
                                      )

**ATTORNEYS:**

**Leigh F. Goldman, Esq.**
Goldman Law Offices, Inc
St. Thomas, VI
     *For Vinod K. Gupta, Chanresh Gupta.*

**Matthew J. Duensing, Esq.**
Stryker, Duensing, Casner & Dollison
St. Thomas, VI
     *For Bank of Nova Scotia.*

<u>ORDER</u>

Before the Court is the February 19, 2014, motion of the Bank of Nova Scotia to enforce a settlement agreement.

The parties appeared telephonically before this Court on November 21, 2013, indicating that this action had been settled. The parties orally presented a settlement agreement to the Court. Pursuant to that agreement, the plaintiff requested that all pending claims against all defendants be dismissed. The

parties agreed that the Court would retain jurisdiction to reinforce the terms of the settlement for 60 days.

Accordingly, on November 22, 2013, the Court issued an order dismissing all pending claims against all defendants. The order included a provision preserving the Court's jurisdiction to enforce the settlement agreement for 60 days. The terms of the settlement agreement were not included in that order.

In *Kokkonen v. Guardian life Insurance Company of America*, the Supreme Court held that a district court may retain jurisdiction over a settlement agreement by including the "parties' obligation to comply with the terms of the settlement agreement . . . [as] part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist . . . The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).

In that case, the parties orally presented the substance of their settlement agreement to the district court. *Id.* at 376. On motion of the parties, the district court then issued an order of dismissal. *Id.* at 376-77. That order did not include the terms of the settlement agreement. *Id.* at 381. The order also did not include a provision reserving district court jurisdiction to enforce the settlement agreement. *Id.* As such, the Supreme Court held that the district court did not retain ancillary jurisdiction to enforce the settlement.

Here, as in *Kokkonen*, the Court did not include the terms of the settlement agreement in its order. The Court's "mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of [the Court's] order." *Id.* Thus, this Court only retained jurisdiction to enforce the settlement agreement for the 60-day term prescribed in the order. The Bank of Nova Scotia filed this motion on February 19, 2014, more than 60 days after the entry of the order.

Where, as here, an order of dismissal does not incorporate the terms of a settlement agreement or reserve district court jurisdiction to enforce it, the Court has neither ancillary jurisdiction nor subject-matter jurisdiction to enforce the settlement agreement. *Id.*

*Bank of Nova Scotia v. Gupta, et al.*
Civil No. 2012-61
Order
Page 4

The premises considered, it is hereby

**ORDERED** that the motion to enforce the settlement agreement is **DENIED**.

S_____

**Curtis V. Gómez**
**District Judge**